UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN H. STOKER,<br><br>　　　　　　Defendant | Case No. 11-CIV-7388 (JSR) |

**DEFENDANT BRIAN H. STOKER'S SUPPLEMENTAL BRIEF
IN OPPOSITION TO THE SEC'S MOTION IN LIMINE
TO EXCLUDE MATTHEW MARTENS'
TESTIMONY AND EXHIBIT 1234**

678486

Pursuant to the Court's instructions during the July 12, 2012 Pretrial Hearing, Mr. Stoker respectfully submits this supplemental brief in opposition to the SEC's motion in limine to exclude evidence and testimony relating to SEC counsel Matthew Martens' statement that the SEC reviewed "hundreds of thousands, if not millions, of pages of documents" and performed numerous witness interviews and found that "there was not sufficient evidence to support a finding of scienter." Exhibit 1234 at 24:19-25.

Mr. Martens' statement is admissible under Rule 801(d)(2) as a party admission, regardless of whether it is characterized as an opinion or a statement of fact. Unlike formal judicial admissions, which are limited to admissions of fact, *see United States v. McKeon*, 738 F.2d 26, 30 (2d Cir. 1984), party admissions under Rule 801(d)(2) encompass any "statement that is offered against an opposing party . . . [that] was made by the party's agent or employee" within the course and scope of that relationship. Accordingly, courts have found statements of opinion admissible as party admissions under Rule 801(d)(2). *Russell v. United Parcel Serv., Inc.*, 666 F.2d 1188, 1190-91 (8th Cir. 1981) (holding that a statement by a party's employee was admissible as a party admission even though it "constitute[d] an opinion or inference" rather than a "statement of fact," and noting that "[e]ven before the adoption of the Federal Rules of Evidence, it was the prevailing view that admissions in the form of opinions were competent"); *Bonds v. Dautovic*, 725 F. Supp. 2d 841, 846 (S.D. Iowa 2010) ("Opinion statements . . . are well are within the ambit of Rule 801(d)(2)."); *see also Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir. 2003) (finding prior lay opinion testimony given by a party's employee at deposition to be a party admission).[1] Indeed, the Second Circuit has explicitly held that prior statements by the government regarding what its proof will show are admissible as party admissions under Rule 801(d)(2), noting that "the jury is . . . entitled to know that the government at one time believed, and stated, that its proof established something different from

---

[1] The cases cited by the SEC to the contrary involve judicial admissions, not party admissions under Rule 801(d)(2). SEC's Mem. of Law in Supp of MIL at 15, ECF No. 61.

1

-2-

what it currently claims." *United States v. GAF Corp.*, 928 F.2d 1253, 1260 (2d Cir. 1991).

Furthermore, the fact that Mr. Martens is an attorney for a government agency is irrelevant under Rule 801(d)(2). *United States v. Yildiz*, 355 F.3d 80 (2d Cir. 2004) ("No distinction is made [under Rule 801(d)(2)] between . . . the government and other parties, or the government's attorneys and its other law enforcement agents. . . . "[T]he government's attorneys can bind the government with their in-court statements.").

Moreover, Mr. Martens' statement *is* an admission of fact. Mr. Martens was admitting to the fact that the SEC conducted an exhaustive investigation and discovered an absence of facts on a particular element of the offense.

Dated: July 13, 2012                                     Respectfully submitted,


By:   /s/ John W. Keker
      JOHN KEKER (*pro hac vice*)
      JAN NIELSEN LITTLE (*pro hac vice*)
      STEVEN K. TAYLOR (*pro hac vice*)
      BROOK DOOLEY (*pro hac vice*)
      633 Battery Street
      San Francisco, CA  94111-1809
      Telephone:  (415) 391-5400
      Facsimile:   (415) 397-7188
      Email:   jkeker@kvn.com
      Email:   jlittle@kvn.com
      Email:   staylor@kvn.com
      Email:   bdooley@kvn.com

      Attorneys for Defendant
      BRIAN H. STOKER

678486